William C. Hecht, Jr., J.
Plaintiff moves for an order restraining the defendant unions from picketing plaintiff’s premises during the pendency of the action. The unions claim that the picketing is for organizational purposes and against the unfair labor practices of the employer. Defendants cross-move for dismissal of the complaint for legal insufficiency.
According to plaintiff, each employee in the picketed location at the time of the establishment of the picket line, has certified in writing that he has not designated any of the picketing *150 unions as Ms bargaining agent, that he has designated Local 93 as his collective bargaining agent, that he has approved in writing the collective bargaining agreement between the employer and Local 93, and finally, that in his opinion the picketing is intended to coerce the employer to discharge Mm and to hire members of the picketing unions in his stead.
Defendants assert, however, that plaintiff had hired three employees who were members of or had designated Local 89 as their sole bargaimng representative. These employees, according to defendants, were summarily discharged because of their membership in, and their activities on behalf of, Local 89.
The claim is also made that subsequent to the discharge by plaintiff of the members of Local 89, and without informing Local 89 of this act, plaintiff requested a meeting with Local 89 for the purpose of negotiating a collective bargaining agreement. Moreover, it is stated that plaintiff coerced its employees to execute cards designating Local 93 as sole collective bargaining representative and thereafter an agreement was executed with Local 93.
Defendants maintain that the foregoing acts on the part of plaintiff constituted a scheme whereby it was intended that the court be deceived into believing that Local 89 is picketing to coerce plaintiff to bargain with Local 89 and to compel plaintiff to breach its alleged agreement with Local 93.
As a result Local 89 filed a charge of unfair labor practice with the New York State Labor Relations Board, which charge is pending undetermined.
Admittedly the picketing is in protest of the asserted unfair practices by the employer. Plaintiff contends that picketing to protest a matter which is pending undetermined before the board is premature and unlawful (Mayer v. Fernandes, 286 App. Div. 805).
The defendants counter with the claim that the law is to the contrary, and refer to section 706 of the New York State Labor Relations Act (Labor Law, art. 20, § 706), which provides as follows: “5. The board shall not require as a condition of taking action or issuing any order under this article, that employees on strike or engaged in any other lawful, concerted activity shall discontinue such strike or such activity.”
They argue that tMs was the plain holding of the Court of Appeals in Wood v. O’Grady (307 N. Y. 532).
While it is true that the fact that the Legislature has seen fit not to grant to the Labor Relations Board power to enjoin picketing in relation to matters before it, the courts are not prevented from doing so in a proper situation. Indeed, this was the holding *151 in Wood (supra p. 539) in reviewing the determinations in Goodwins, Inc. v. Hagedorn (303 N. Y. 300; May’s Furs & Ready-to-Wear v. Bauer (282 N. Y. 331); Exchange Bakery & Restaurant v. Rifkin (245 N. Y. 260).
However, an analysis of the opposing contentions here leads to the conclusion that at the very least, the question of whether there is or is not a labor dispute rests on controverted issues of fact. At best, as defendants correctly contend, an issue is raised whether or not the objectives of the striking and picketing are in fact lawful and legitimate labor objectives.
Under such circumstances, the law is well established that an injunction should not be granted upon affidavits, but only upon determination of the issues raised in favor of plaintiff after a complete hearing.
Consequently the motion for an injunction pendente lite is denied. At the election of plaintiff the order to be settled may contain a provision for an early trial upon payment of all necessary fees.
The cross motion to dismiss the complaint is denied.